Dear Representative Wilt,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Do the provisions of 21 O.S. 2001, §§ 481[21-481], 484 prohibitthe continued employment of a District Judge's official courtreporter if the court reporter's spouse is elected AssociateDistrict Judge in the same county?
 2. If so, does the "same agency" prohibition contained in 21O.S. 2001, § 484[21-484] prohibit the official court reporter fromemployment in every county courthouse in the state of Oklahoma orsimply the same county in which the court reporter's spouse isAssociate District Judge?
¶ 1 In Oklahoma "the term district judges . . . includes associate district judges and special judges." 20 O.S. 2001, §91.3[20-91.3]. Each District Judge and Associate District Judge appoints a court reporter who serves at the pleasure of said judge. Id.
§ 106.2.
 I. Section 481 Will Not Be Violated Because The Associate District Judge Will Not Appoint Or Vote On His Or Her Spouse's Employment As The District Judge's Official Court Reporter.
¶ 2 Your questions implicate two of Oklahoma's nepotism laws,21 O.S. 2001, §§ 481[21-481] and 484. Section 481 provides in pertinent part:
 A. It shall be unlawful for any executive, legislative, ministerial or judicial officer to appoint or vote for the appointment of any person related to him by affinity or consanguinity within the third degree, to any clerkship, office, position, employment or duty in any department of the state, district, county, city or municipal government of which such executive, legislative, ministerial or judicial officer is a member, when the salary, wages, pay or compensation of such appointee is to be paid out of the public funds or fees of such office.
Id.
¶ 3 Section 481 is a penal statute[1] and must be strictly construed. Quinn v. City of Tulsa, 777 P.2d 1331,1339-40 (Okla. 1989); A.G. Opin. 03-44, at 258 (citation omitted). In Attorney General Opinion 03-44 we found that for a Section 481 violation to occur an officer must actually appoint or vote for an ineligible appointment. Id. In your question the Associate District Judge will not appoint or vote on the appointment of his or her spouse's employment as the District Judge's official court reporter because the court reporter is employed prior to the Associate District Judge's election. Moreover, under 20 O.S. 2001, § 106.2[20-106.2] the District Judge alone appoints his or her own court reporter. Consequently, the newly elected Associate District Judge will not be in jeopardy of violating 21 O.S. 2001, § 481[21-481] because the Associate District Judge will not appoint or vote on his or her spouse's employment as the District Judge's official court reporter.
 II. Section 484 Would Not Be Violated By The Continued Employment Of The District Judge's Court Reporter After The Court Reporter's Spouse Is Elected Associate District Judge In The Same County.
¶ 4 Section 484 of Title 21 of the Oklahoma Statutes provides:
 Any person related within the third degree of affinity or consanguinity to any elected member of the legislative, judicial or executive branch of the state government shall not be eligible to hold any clerkship, office, position, employment or duty for which compensation is received in the same agency
as such elected member of the state government.
Id. (emphasis added).
¶ 5 Spouses are within Section 484's prohibited third degree of consanguinity or affinity. See A.G. Opin. 04-11, at 63. You ask if the prohibition in 21 O.S. 2001, § 484[21-484] prohibits the continued employment of the District Judge's official court reporter if the court reporter's spouse is elected Associate District Judge in the same county. For the Section 484 nepotism prohibition to apply the Associate District Judge and his or her spouse must receive compensation in the same "agency . . . of the state government." Id.
¶ 6 The nepotism statutes at 21 O.S. 2001, §§ 481-487[21-481-487] do not define "agency . . . of the state government." See id. However, "[w]henever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase whenever it occurs, except where a contrary intention plainly appears." Oliver v. City of Tulsa, 654 P.2d 607, 611 (Okla. 1982). Oklahoma statutes define "State agency" as including "anyoffice, officer, bureau, board, counsel, court, commission, institution, unit, division, body or house of the executive orjudicial branches of the state government, whether elected or appointed, excluding only political subdivisions of the state[.]"74 O.S. 2001, § 85.2[74-85.2](32) (emphasis added); see also 61 O.S.Supp. 2005, §§ 61[61-61](9), 202(14); 62 O.S. Supp. 2005, §41.5t.1(4). Because there is no indication in the nepotism statutes that this statutory definition of "State agency" should not be used, it will be applied to the term "agency . . . of the state government" in the Section 484 nepotism statute. An office, officer, or court of the judicial branch of state government therefore constitutes an agency of state government.
¶ 7 The District Judge and the Associate District Judge each hold an office in the judicial branch of state government for purposes of the Section 484 nepotism statute. 20 O.S. 2001, §92i[20-92i] ("[t]o file as a candidate for the office of district judge or associate district judge"); 51 O.S. 2001, § 10[51-10](A) ("[w]hen a vacancy occurs in the office of district judge [or] associate district judge"). The District Judge and the Associate District Judge are both judicial officers in the judicial branch of state government. 20 O.S. 2001, § 1404[20-1404](A) ("the term `judicial officer' includes the judges of all courts created by the state").
¶ 8 If elected, the Associate District Judge and his or her spouse will both work for the same district court. Even though the Associate District Judge and his or her spouse, the District Judge's official court reporter, will be employed in the same district court the District Judge and the Associate District Judge hold separate offices in the district court. We must determine if the policies behind the nepotism statutes are violated if the offices of District Judge and Associate District Judge are considered separate agencies for purposes of Section 484 and the District Judge's court reporter is allowed to continue employment after his or her spouse is elected Associate District Judge in the same county.
¶ 9 The goal of statutory construction is to ascertain and follow the Legislature's intent. Sharp v. Tulsa County ElectionBd., 890 P.2d 836, 840 (Okla. 1994). The Legislature's intent in enacting nepotism statutes like 21 O.S. 2001, § 484[21-484] is to prevent conflicts of interest, favoritism, and the appearance of favoritism. Id. at 844-45. The Associate District Judge's and his or her spouse's employment in the same county will not create a conflict of interest. The Associate District Judge will be working on matters different from those assigned to his or her spouse, the District Judge's official court reporter. See,e.g., 20 O.S. 2001, § 95.7[20-95.7]. There will be no problem with favoritism or the appearance of favoritism because the Associate District Judge's spouse will not be supervised by the Associate District Judge or anyone under the Associate District Judge's supervision. The Associate District Judge's spouse will be supervised by the District Judge. 20 O.S. 2001, § 106.2[20-106.2] (the district judge appoints his or her own court reporter who serves at said judge's pleasure).
¶ 10 An interpretation that the District Judge is in the same agency of state government as the Associate District Judge for purposes of 21 O.S. 2001, § 484[21-484] would be overbroad, and would go beyond the Legislature's intention to prevent conflicts of interest, favoritism, and the appearance of favoritism. The provisions of Section 484, therefore, do not prohibit the continued employment of the Associate District Judge's spouse as official court reporter for the District Judge in the same county.
 III. Section 484 Does Not Prohibit The Associate District Judge's Spouse From Employment In Courthouses In The State.
¶ 11 You last ask, if we conclude the provisions of 21 O.S.2001, §§ 481[21-481], 484 prohibit the continued employment of the Associate District Judge's spouse as official court reporter for the District Judge in the same county, is the court reporter prohibited from employment in every county courthouse in the State? Because we have answered your first question in the negative, concluding the provisions of 21 O.S. 2001, §§ 481[21-481],
484 do not prohibit the continued employment of the Associate District Judge's spouse as official court reporter for the District Judge in the same county, the Associate District Judge's spouse would not be prevented from working as an official court reporter in courthouses in the State.
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Section 481 of Title 21 of the Oklahoma Statutes does not prohibit the continued employment of a District Judge's official court reporter if the court reporter's spouse is elected Associate District Judge in the same county because the Associate District Judge will not appoint or vote on his or her spouse's employment as official court reporter for the District Judge. A.G. Opin. 03-44, at 258.
 2. Section 484 of Title 21 of the Oklahoma Statutes will not prohibit the continued employment of the Associate District Judge's spouse as official court reporter for the District Judge in the same county; the offices of Associate District Judge and District Judge are not considered to be in the same agency of state government for purposes of the nepotism statute. 20 O.S. 2001, § 106.2[20-106.2].
 3. Because we have concluded that Sections 481 and 484 of Title 21 of the Oklahoma Statutes will not prohibit the continued employment of the Associate District Judge's spouse as official court reporter for the District Judge in the same county, the Associate District Judge's spouse would not be prevented from working as an official court reporter in courthouses in the State.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 JANIS W. PRESLAR Assistant Attorney General
[1] A violation of Section 481 is a misdemeanor with punishment including forfeiture of office and a fine up to $1,000.00. 21O.S. 2001, § 485[21-485].